UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALITY

CASE NO: 1:17cv24582

ALINA SALUM,

    Plaintiff,

v.

MSC CRUISES, S.A. (f/k/a MSC CROCIERE, S.A.),

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY**

COMES NOW, the Plaintiff, ALINA SALUM, by and through her undersigned counsel, and sues the Defendant, MSC CRUISES, S.A. (f/k/a MSC CROCIERE, S.A.), (hereinafter referred to as "MSC"), and alleges as follows:

**GENERAL ALLEGATIONS**

1.    At all times material hereto, the Plaintiff, ALINA SALUM, was and is a citizen of the State of Florida.

2.    At all times material hereto, Defendant, MSC, is a foreign corporation incorporated in Geneva, Switzerland, who is authorized to conduct business in the State of Florida and who was and is conducting business in Miami-Dade County in the State of Florida.

3.    This is a cause of action which is brought in the District Court for the Southern District of Florida pursuant to 28 U.S.C. 1333 and the venue selection clause of Plaintiff's Passenger Cruise Ticket/Contract with Defendant, MSC.

4. The cause of action asserted in this Complaint arises under the General Maritime Law of the United States and is a case subject to admiralty and maritime jurisdiction.

5. At all times material hereto, the Defendant, MSC, is subject to jurisdiction of the courts of the State of Florida.

6. The Plaintiff, ALINA SALUM, has complied with all conditions precedent to maintaining this lawsuit.

7. At all times material hereto, the Defendant, MSC, personally or through an agent:

   a. Operated, conducted, engaged in or carried on business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one more of the acts stated in Florida Statutes, Sections 48.081, 48.181, or 48.193

8. At all times material hereto, the Defendant, owned, operated, managed, maintained and/or controlled the vessel known as the "*MSC DIVINA*."

9. At all times material hereto, the Defendant, MSC, was engaged in the business of providing to the public, including the Plaintiff, ALINA SALUM, for compensation, vacation cruises aboard the vessel, the *MSC DIVINA*, hereinafter referred to as the "subject vessel."

10. On or about December 31, 2016, the Plaintiff, ALINA SALUM, was a fare paying passenger lawfully onboard the *MSC DIVINA*, which was in navigable waters.

11. On or about December 31, 2016, the Plaintiff, ALINA SALUM, suffered severe and permanent injury when she slipped and fell on a foreign substance on the subject vessel after entering door 32 from the outside deck to the inside on the 14th floor on wet and slippery flooring

directly in front of door 32.

12. At all times material hereto, the Defendant, MSC, designed and/or constructed the flooring surface in front of door 32.

13. At all times material hereto, the Defendant, MSC, created the slippery condition on the flooring surface in front of door 32 of the subject vessel where the Plaintiff slipped and fell.

## **COUNT I – NEGLIGENCE**

14. Plaintiff readopts and reallages Paragraph 1 through 1d as fully as if said paragraphs were restated herein.

15. At all times material hereto, the Defendant, MSC, owed a duty to the Plaintiff and all passengers onboard the subject vessel to provide reasonable care under the circumstances.

16. On or about December 31, 2016, the Defendant, MSC, and/or its agents, servants, and/or employees breached their duty of care owed to the Plaintiff, as a result of one or more of the following acts of fault and/or negligence:

   a. Negligently creating a slippery and dangerous condition by an employee of MSC pushing dirty water and/or liquid onto the flooring area in front of door 32 where the Plaintiff slipped and fell;

   b. Failure to maintain the entryway in front of door 32 on the subject vessel in a safe and reasonable manner;

   c. Negligently allowing a foreign substance to remain on the stainless steel/ flooring area in front of door 32;

   d. Failure to adequately and regularly inspect door 32 on the subject vessel for slippery and/or dangerous conditions;

directly in front of door 32.

12. At all times material hereto, the Defendant, MSC, designed and/or constructed the flooring surface in front of door 32.

13. At all times material hereto, the Defendant, MSC, created the slippery condition on the flooring surface in front of door 32 of the subject vessel where the Plaintiff slipped and fell.

## **COUNT I – NEGLIGENCE**

14. Plaintiff readopts and reallages Paragraph 1 through 1d as fully as if said paragraphs were restated herein.

15. At all times material hereto, the Defendant, MSC, owed a duty to the Plaintiff and all passengers onboard the subject vessel to provide reasonable care under the circumstances.

16. On or about December 31, 2016, the Defendant, MSC, and/or its agents, servants, and/or employees breached their duty of care owed to the Plaintiff, as a result of one or more of the following acts of fault and/or negligence:

   a. Negligently creating a slippery and dangerous condition by an employee of MSC pushing dirty water and/or liquid onto the flooring area in front of door 32 where the Plaintiff slipped and fell;

   b. Failure to maintain the entryway in front of door 32 on the subject vessel in a safe and reasonable manner;

   c. Negligently allowing a foreign substance to remain on the stainless steel/ flooring area in front of door 32;

   d. Failure to adequately and regularly inspect door 32 on the subject vessel for slippery and/or dangerous conditions;

e. Negligently designed and/or constructed the flooring surface inside in front of door 32 on the subject vessel in an unreasonably dangerous manner;

f. Negligently designed and/or constructed the entryway in front of door 32 in an unreasonably dangerous manner;

g. Failure to adequately and regularly monitor door 32 on the subject vessel so as to maintain the walking area in a manner that is safe and free of any slippery conditions;

h. Failure to train employees on how to clean an area so as to avoid pushing dirty liquid and/or water into areas where customers are known to traverse (i.e. in front of door 32 on the subject vessel);

i. Failure to regularly and adequately clean the entryway to door 32 where the Plaintiff slipped so as to remove any slippery conditions, including, but not limited to dirty liquid and/or water;

j. Failure to identify the slipping hazard that caused the Plaintiff to fall on the subject ramp;

k. Failure to warn the Plaintiff of the slipping hazard(s), which caused the Plaintiff to fall;

l. Failure to provide any type of slip resistance and/or mats and/or non-skid surface in the entryway to door 32 on the subject vessel where the Plaintiff fell;

m. Failure to place any wet floor signs in the area where the Plaintiff slipped and fell; and/or

n. Failure of the defendant, MSC to take any of the above precautions despite

there being crewmembers presents who observed and/or created and/or should have observed and corrected the dangerous condition described herein.

17. The Defendant, MSC's negligence caused and/or contributed to the Plaintiff slipping and falling on a slippery condition on the area directly inside the doorway of door 32 on the subject vessel.

18. At all times material hereto, the Defendant, MSC had exclusive custody and control of the subject vessel, the *MSC DIVINIA*.

19. Said dangerous and hazardous conditions were known and/or should have been known to the Defendant, MSC, were created by the Defendant, MSC, or had existed for a sufficient length of time so that Defendant, MSC knew and/or should have known about the condition, and/or said dangerous conditions occurred with regularity and were therefore foreseeable.

20. Defendant, MSC, violated International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual (SQM) and/or failed to follow their SQM manual.

21. As a direct and proximate result of the negligence of the Defendant, MSC, the Plaintiff, ALINA SALUM, was injured in and about her body, head, face and/or extremities, and/or aggravated a pre-existing condition, sustained bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical handicap, loss of earnings, incurred medical, nursing, attendant care and life care expenses for her care and treatment and her working ability was impaired; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant, MSC, for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

Filed this **19th** day of December, 2017.

*s/ Ian D. Pinkert, Esquire*
Ian D. Pinkert, Esq.
Fla. Bar No.: 84572
Halpern Santos & Pinkert, P.A.
150 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
Telephone (305) 445-1111
Facsimile (305) 445-1169
*Attorneys for Plaintiffs*
